IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

REGINALD LYNCH,                    )
                                   )
    Petitioner,                    )
                                   )
v.                                 )    CASE NO. CV416-079
                                   )
HILTON HALL, JR. and GREGORY C.    )
DOZIER,                            )
                                   )
    Respondents.                   )
_____)

## O R D E R

Before the Court is the Magistrate Judge's Report and Recommendation (Doc. 12), to which objections have been filed (Doc. 13). After a careful de novo review of the record, the Court concludes that Petitioner's objections are without merit. Accordingly, the Report and Recommendation is **ADOPTED** as the Court's opinion in this case. As a result, Petitioner's 28 U.S.C. § 2254 Petition is **DENIED**. In addition, Petitioner is not entitled to a Certificate of Appealability, rendering moot any request for in forma pauperis status on appeal. The Clerk of Court is **DIRECTED** to close this case.

In his objections, Petitioner continues to argue that the state habeas court's decision was an unreasonable application of clearly established federal law and an unreasonable determination of the facts. (Doc. 13 at 1.) This Court, however, agrees with the Magistrate Judge that the victim's statements

were non-testimonial because "the circumstances of the encounter as well as the statements and actions of [the victim] and the police objectively indicate that the 'primary purpose of the interrogation' was 'to enable police assistance to meet an ongoing emergency.' " Michigan v. Bryant, 562 U.S. 344, 377-78 (2011) (quoting Davis v. Washington, 547 U.S. 813, 822 (2006)). The responding officer arrived on scene to find one individual suffering from a mortal gunshot wound inflicted by an unknown shooter who was then in an unknown location. Moreover, the officer only asked the victim his name, not to identify the shooter for later prosecution. Petitioner seems to argue that Bryant is inapplicable because the responding officers in this case failed to take steps consistent with an ongoing emergency. (Doc. 12 at 8; Doc. 13 at 3.) However, the officer's belief as to the exigency of the situation is a subjective inquiry, not an objective analysis. In any event, this Court agrees with the Magistrate Judge that the state habeas court's decision was neither an unreasonable application of clearly established federal law nor an unreasonable determination of the facts.

SO ORDERED this 28th day of July 2017.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

2